UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN A. HAWKINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:13-cv-00105-PPS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

John A. Hawkins, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 1999 conviction for murder in the Marion County, Indiana Superior Court. Hawkins concedes that the petition is untimely, but argues that he is entitled to equitable tolling because his post-conviction attorney allowed his time to expire. "Petitioner is not arguing that his §2254 petition is not time barred. Petitioner is arguing that his attorney Allan Reid caused his habeas corpus petition to be time barred." DE 13 at 7-8. The Respondent argues that Hawkins is not entitled to equitable tolling, but that even if he were credited with all of the time allegedly wasted by the post-conviction attorney, the habeas corpus petition is still untimely. The Respondent is correct; Hawkins is not entitled to equitable tolling. And in any event even if he were credited with the time lost by his post conviction counsel's supposed dereliction of duty, this habeas corpus petition would still be untimely. Therefore the petition will be dismissed with prejudice.

As Hawkins acknowledges, habeas corpus petitions are subject to a strict one-year statute of limitations. Though the statute has four events which can start the clock, the parties agree that the applicable event in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Here, the Indiana Supreme Court denied Hawkins's petition for rehearing on August 7, 2001. He did not petition the United States Supreme Court for certiorari and the time for doing so expired on November 5, 2001. *See* Sup. Ct. R. 13(1) (establishing that petitions for certiorari must be filed within 90 days); *Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Thus, that is the date on which his conviction became final by the expiration of the time for seeking direct review. (In Hawkins's calculation, he does not include the 90 days during which he could have filed a petition for certiorari, but since this time inures to his benefit, the discrepancy is irrelevant).

The next day, on November 6, 2001, the one-year limitation period began to run. It ran until he filed a post-conviction relief petition on March 28, 2002.[1] Pursuant to 28 U.S.C. § 2244(d)(2), the filing of that petition tolled the limitation period. However before he filed his post-conviction relief petition, 142 days had elapsed – leaving him

---

[1] Hawkins states that his post-conviction relief petition was filed four days later on April 1, 2002. The docket sheet shows that it was filed on March 28, 2002, even though it was not docketed until April 1, 2002. DE 9-1 at 18. As before, this discrepancy inures to Hawkins's benefit.

2

223 days to file a habeas corpus petition after his post-conviction relief proceedings ended.

This is where the post-conviction attorney issue arises. After Hawkins's public defender withdrew, he proceeded *pro se* while he attempted to hire an attorney. While he was accumulating the retainer, attorney Allan Reid suggested in a letter dated December 20, 2005 that Hawkins voluntarily withdraw his post-conviction relief petition because "[t]hen we would have no time pressure in terms of you getting me retained and us fine tuning your case." DE 5-1 at 7 and DE 13-4. Hawkins took this suggestion and his post-conviction relief petition was dismissed without prejudice on January 3, 2006. DE 9-1 at 23 and DE 13-5 at 4. What this means is that the federal habeas corpus statute of limitations was no longer tolled. Evidently, Hawkins understood that. He says that he "was aware that he had close to four months remaining on his 1 yr. statu[t]e of limitation time when he withdrew his P.C.R. . . . ." DE 13 at 8. (As previously explained, Hawkins actually had more than seven months remaining even though he thought he only had four months).

Hawkins claims that he didn't know that the attorney failed to promptly do what was necessary to prosecute his post-conviction petition and toll the habeas statute of limitations. Hawkins asserts that he didn't know that the attorney failed to promptly file his appearance in the closed post-conviction case. I interpret this to mean that the attorney did not either move to reopen the closed case and file an amended post-conviction petition or that he did not file a new post-conviction case on Hawkins's

3

behalf. Either way, it is clear that Hawkins is arguing that he did not know that the attorney was not promptly doing whatever it took to preserve Hawkins's rights. Nevertheless, whatever confusion he might reasonably have had should have been dispelled when he received a letter from the attorney dated August 2, 2006, which explained that the attorney had reviewed the record of the case, but had not yet filed anything "as I don't see any viable issues that are worth pursuing via a Petition for Post Conviction Relief . . . ." DE 13-10 at 1. Hawkins received further notice that no action was being taken on his case from the Marion Clerk of Court on August 21, 2006. That notice told him "[t]here is no appearance from Attorney Allan Reid in the file." DE 13-9. Therefore, it should have been abundantly clear to Hawkins that the attorney had not filed anything. Hawkins acknowledges that he understood the implications of these omissions because he states that he "guess from there that his 1 yr. statu[t]e of limitation time had ran out, during the time Reid was representing him." DE 13 at 12.

Hawkins argues that he is entitled to equitable tolling because it was his attorney, not him, that caused the deadline to expire without pursuing post-conviction relief. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is rarely granted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806 (7th

4

Cir. 2013) (citations omitted). "Equitable tolling excuses [an untimely] filing when the petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Obriecht*, 727 F.3d at 750 (quotation marks, brackets, and citation omitted). Here, even if I were to accept that the actions of the attorney constituted an extraordinary circumstance which kept Hawkins in the dark about what was happening with his post-conviction case from January 3, 2006, until August 21, 2006, I still could not find that Hawkins was entitled to equitable tolling because he did not act diligently once he discovered that the attorney had not filed anything on his behalf. Rather, he waited until May 20, 2008, (nearly 21 months later) to re-file his post-conviction relief petition in the State court. "That lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented [him] from filing." *Taylor*, 724 F.3d at 811.

I have concluded that Hawkins is not entitled to equitable tolling. Therefore the deadline expired 223 days after he dismissed his post-conviction case – on August 14, 2006. But even if there were extraordinary circumstances which would excuse the 28-month gap in his post-conviction relief proceeding – i.e. the 28 months from January 3, 2006, when he dismissed his post-conviction relief proceeding, until May 20, 2008, when he refiled it – Hawkins would still not be entitled to equitable tolling. Hawkins's post-conviction relief appeals ended on June 28, 2012, when the Indiana Supreme Court denied transfer. DE 9-6 at 4. Yet he did not sign his original habeas corpus petition in

5

this case until February 11, 2013. This delay of more than seven months does not demonstrate a diligent pursuit by Hawkins of his claims.

Moreover, even if there had not been any gap during his post-conviction relief proceeding, this petition would *still* be untimely. The original habeas corpus petition was not signed until 228 days after the post-conviction relief proceeding ceased to toll the statute of limitations. As I calculated previously, Hawkins only had 223 days left before the deadline expired. Consequently, even if I were to give Hawkins the benefit of equitable tolling, this habeas corpus petition would still be five days late. Though this might seem harsh, the Seventh Circuit has made it clear that even petitions that are one day late are time-barred:

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Therefore this petition will be dismissed with prejudice because it is untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage Hawkins to proceed further, I do not grant a certificate of appealability.

For the foregoing reasons, the habeas corpus petition is **DISMISSED WITH PREJUDICE** and petitioner John A. Hawkins is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: June 23, 2014

/s/ Philip P. Simon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**